IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
GREAT FALLS DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 17-22-GF-BMM-JTJ |
| Plaintiff, | **FINDINGS AND RECOMMENDATIONS** |
| vs. | |
| JOSEPH YELLOW HAMMER, SR., | |
| Defendant. | |

## I. Synopsis

Defendant Joseph Yellow Hammer, Sr. (Yellow Hammer) has been accused of violating the conditions of his supervised release. Yellow Hammer admitted the alleged violation. Yellow Hammer's supervised release should be revoked. Yellow Hammer should be placed in custody for 3 months, with 19 months of supervised release to follow.

## II. Status

Yellow Hammer pleaded guilty to Domestic Abuse by a Habitual Offender on May 11, 2017. (Doc. 24). The Court sentenced Yellow Hammer to 21 months of custody, followed by 2 years of supervised release. (Doc. 37). Yellow Hammer's current term of supervised release began on July 1, 2019. (Doc. 51 at 1).

**Petition**

The United States Probation Office filed a Petition on July 10, 2019, requesting that the Court revoke Yellow Hammer's supervised release. (Doc. 51). The Petition alleged that Yellow Hammer had violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison.

**Initial appearance**

Yellow Hammer appeared before the undersigned for his initial appearance on September 6, 2019. Yellow Hammer was represented by counsel. Yellow Hammer stated that he had read the petition and that he understood the allegations. Yellow Hammer waived his right to request a preliminary hearing. The parties consented to proceed with the revocation hearing before the undersigned.

**Revocation hearing**

The Court conducted a revocation hearing on September 11, 2019. Yellow Hammer admitted that he had violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison. The violation is serious and warrants revocation of Yellow Hammer's supervised release.

Yellow Hammer's violation is a Grade C violation. Yellow Hammer's

criminal history category is I. Yellow Hammer's underlying offense is a Class D felony. Yellow Hammer could be incarcerated for up to 24 months. Yellow Hammer could be ordered to remain on supervised release for up to 22 months, less any custody time imposed. The United States Sentencing Guidelines call for a term of custody of 3 to 9 months.

### III. Analysis

Yellow Hammer's supervised release should be revoked. Yellow Hammer should be incarcerated for 3 months, with 19 months of supervised release to follow. The supervised release conditions imposed previously should be continued. This sentence is sufficient but not greater than necessary.

### IV. Conclusion

The Court informed Yellow Hammer that the above sentence would be recommended to Judge Morris. The Court also informed Yellow Hammer of his right to object to these Findings and Recommendations within 14 days of their issuance. The Court explained to Yellow Hammer that Judge Morris would consider a timely objection before making a final determination on whether to revoke his supervised release and what, if any, sanction to impose. Yellow Hammer stated that he wished to waive his right to object to these Findings and Recommendations, and that he wished to waive his right to allocute before Judge Morris.

3

The Court **FINDS:**

That Joseph Yellow Hammer, Sr. violated the conditions of his supervised release by failing to report to his probation officer within 72 hours of his release from prison.

The Court **RECOMMENDS:**

That the District Court revoke Yellow Hammer's supervised release and commit Yellow Hammer to the custody of the United States Bureau of Prisons for a term of 3 months, with 19 months of supervised release to follow.

## NOTICE OF RIGHT TO OBJECT TO FINDINGS AND RECOMMENDATIONS AND CONSEQUENCES OF FAILURE TO OBJECT

The parties may serve and file written objections to the Findings and Recommendations within 14 days of their entry, as indicated on the Notice of Electronic Filing. 28 U.S.C. § 636(b)(1). A United States district court judge will make a de novo determination regarding any portion of the Findings and Recommendations to which objection is made. The district court judge may accept, reject, or modify, in whole or in part, the Findings and Recommendations. Failure to timely file written objections may bar a de novo determination by the district court judge, and may waive the right to appear and allocute before a

district court judge.

DATED this 12th day of September, 2019.

John Johnston
United States Magistrate Judge